USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/24/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN H. MOORE,

                          Plaintiff,

        -against-

COUNTY OF WESTCHESTER, ET AL.

                          Defendants.

18-cv-11547 (NSR)

MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Jordan H. Moore requested appointment of *pro bono* counsel via a letter

motion dated October 10, 2025.  (ECF No. 101 and attached hereto.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to

represent indigent *pro se* litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of

Iowa*, 490 U.S. 296, 308-09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may,

at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant

by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono*

panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit has set forth the standards governing the appointment of counsel in *pro*

*se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*,

877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).

These cases direct the district courts to "first determine whether the indigent's position seems

likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider

"secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

This is not Plaintiff's first application for pro bono counsel. (*See, e.g.* ECF Nos 15, 76.) The subject application for pro bono counsel is similar to the past requests. Plaintiff indicates that he is indigent and that his current imprisonment and limited access to the correctional facility's law library greatly limits his ability to litigate this action.

The litigation in this case has not developed at all. In fact, this case has been pending since December 10, 2018 without any significant activity in part because Plaintiff claimed repeatedly at one point that he had lost his legal documents upon transferring from one facility to another and thus was unable to fill out the proper information for his application for default judgment against Defendants. (*See* ECF No. 46.) Consequently, more than four years since the commencement of this action, discovery is not yet complete; thus, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings.

Plaintiff is cautioned to wait until such time as the litigation develops substantially. Should Plaintiff make another application for pro bono counsel at a later stage of the litigation, he is cautioned to do so by demonstrating to the Court that good cause exists to grant his application; a pro forma application will not suffice. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 101 and to mail a copy of this Order to pro se Plaintiff at his address as listed on ECF and to show service on the docket.

Dated:    October 24, 2025                                   SO ORDERED:
          White Plains, New York

                                            _____
                                                      NELSON S. ROMÁN
                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Jordan H. Moore

Plaintiff,

- against -

Jbon Davis, et al,

Defendants.

MOTION FOR
APPOINTMENT
OF COUNSEL
18 CV 11547
NSR - JCM

Pursuant to 28 U.S.C. § 1915(e)(1)
Plaintiff moves for an order appoint-
ing counsel to represent him in
this case. In support of this motion,
Plaintiff States:

1. Plaintiff is unable to afford counsel.
He has requested leave to proceed in forma
pauperis.

2. Plaintiff's imprisonment will greatly limit
his ability to litigate. The issues involved in
this case are complex and will require sig-
nificant research and investigation. Plaintiff
has limited access to the law library and
limited knowledge of the law. (A)

3. A trial in this case will likely in-
volve conflicting testimony, and counsel would
better enable Plaintiff to present evidence
and cross examine witnesses.

4. Plaintiff has made repeated efforts to
obtain a lawyer. Plaintiff is unable to at-
tach names and addresses of lawyers he wrote
to because he was subjected to retaliatory searches
and his legal documents are being thrown out
on a daily basis. (B)

WHEREFORE, Plaintiffs request that the court appoint
Jordan H. Moore, a member of the Bar association, as
counsel in this case. (C)

October 16, 2025
Date



RECEIVED
OCT 20 2025
PRO SE OFFICE

_(Signature)_

Jordan H. Moore

Westchester County Jail
_(Address)_

P.O. Box, 10 Woods Rd,

Valhalla, N.Y. 10595.


Docket : 7:18-CV-11547-NSR-JCM.

Jordan H. Moore #22C640
Westchester County Jail
P.O. Box #10 Woods Rd
Valhalla, N.Y. 10595

USPS
SDNY



RECEIVED
OCT 20 2025
PRO SE OFFICE

10007-131699

WESTCHESTER NY 105
17 OCT 2025 PM 5 L

USA FOREVER

Pro Se Intake Unit
500 Pearl Street
New York, N.Y. 10007